UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA M. BIETLER, and,
STEPHANIE STARKS,

Case No. 16-11800

           Plaintiffs,          HON. GERSHWIN A. DRAIN

vs.

STATE OF MICHIGAN, Department of
Treasury – Collections, a Governmental
entity,

           Defendant, and

UNITED STATES OF AMERICA, Department
of Treasury, Internal Revenue Service, a
Governmental entity,

           Defendant and Counterclaim
           Plaintiff,

vs.

CYNTHIA M. BIETLER, STEPHANIE STARKS,
PAUL MISIEWICZ, and STATE OF MICHIGAN,

           Counterclaim Defendants.

**ORDER GRANTING UNITED STATES' MOTION FOR EXTENSION OF
TIME TO SERVE COUNTERCLAIM ON DEFENDANT PAUL
MISIEWICZ, NUNC PRO TUNC, AND FOR EXTENSION OF TIME TO
FILE JOINT STATUS REPORT (#13)**

## I.    INTRODUCTION

Defendant/Counterclaim Plaintiff, the United States, moves for an extension of

-1-

time to serve a Counterclaim on Defendant Paul Misiewicz, nunc pro tunc, and for an extension of time to file joint status report. Plaintiffs/Counterclaim Defendants have failed to file a Response to the instant motion and the deadline for filing a Response has expired. *See* E.D. Mich. L.R. 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). Upon review of the instant motion, the Court finds good cause for granting Defendant/Counterclaim Plaintiff's requested relief.

## II.    FACTUAL BACKGROUND

On April 15, 2016, Plaintiffs/Counterclaim Defendants Cynthia M. Bietler and Stephanie Starks initiated the instant matter in the state court seeking to quiet title to real property located at 30649 Whittier Avenue, Madison Heights, Michigan, 48071. The United States removed the matter to this Court on May 20, 2016. On June 3, 2016, the United States answered the Complaint, as well as filed Counterclaims against Plaintiffs and Counterclaim Defendant Paul Misiewicz, who is the holder of record of a security interest in the property at issue herein.

The summons for Mr. Misiewicz was issued on June 3, 2016. The United States retained a private process server to serve Mr. Misiewicz and attempted to serve him at 1725 Byron Avenue, Madison Heights, Michigan. The process server was met at this address by a woman claiming to be Mr. Misiewicz's fiancé. Subsequently,

the process server made arrangements by telephone to meet Mr. Misiewicz, but Mr. Misiewicz did not appear for the scheduled meeting. When the process server returned to the Byron Avenue address, an individual answered the door and informed him that Mr. Misiewicz did not live there and that he lived at 30649 Whittier Avenue, Madison Heights, Michigan, 48071, which is the address of the real property at issue herein.

Thereafter, the process server made four separate attempts to serve Mr. Misiewicz at the Whittier Avenue property, but was unable to serve him. The United States hired another process server, however service could not be effectuated. Additionally, counsel for the United States has contacted Mr. Misiewicz by telephone, however Mr. Misiewicz refused to provide his address or discuss arrangements to receive service. On September 2, 2016, counsel for the United States mailed, via certified mail, return receipt requested, and delivery restricted to addressee, a copy of the summons and complaint addressed to Paul Misiewicz at both the Whittier and Byron addresses.

## III.   LAW & ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an
appropriate period.

Fed. R. Civ. P. 4(m).   "Although the rule by its express language provides that the

court 'shall' dismiss an action when service is not effected within 120 days, it also

provides some flexibility in that it allows a court to choose not to dismiss but rather

to extend the service time when good cause is shown."  *United States v. Ninety Three*

*Firearms*, 330 F.3d 414, 426 (6th Cir. 2003).

"[A]n extension for good cause is appropriate–when the defendant

intentionally evades services of process."  *Friedman v. Estate of Presser*, 929 F.2d

1151, 1157 (6th Cir. 1991).  In determining whether to grant an extension, the Court

should consider the following factors: (1) whether a significant extension of time is

required; (2) whether an extension of time would prejudice the defendant other than

the inherent prejudice in having to defend the suit; (3) whether the defendant had

actual notice of the lawsuit; (4) whether a dismissal without prejudice would

substantially prejudice the plaintiff; i.e., would her lawsuit be time-barred; and (5)

whether the plaintiff has made good faith efforts at effecting proper service of

process. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Here, a rather short extension of time is requested and there is no prejudice to Mr.

Misiewicz other than the inherent prejudice in having to defend the lawsuit.  Mr.

Misiewicz has knowledge of the action and the United States has made numerous,

good faith efforts to serve Mr. Miskiewicz and it appears that he is attempting to evade service.

Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).  In Michigan, an individual may be served by:

> sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service[.]

Mich. Ct. R. 2.105(A)(2).  Because Michigan law requires that Mr. Misiewicz acknowledge receipt of the mailed Summons and Complaint, and the *Slenzka* factors favor an extension, the Court will allow the United States an additional thirty (30) days for the postal service to deliver the process and return the receipts to counsel for the United States.

## IV.    CONCLUSION

The United States's Motion for an Extension of Time to Serve Counterclaim Defendant Paul Misiewicz, Nunc Pro Tunc, and for Extension of Time to File Joint Status Report [#13] is GRANTED.   The United States shall effect service <u>no later than October 1, 2016</u>.  The United States shall also serve a copy of the instant order

on Mr. Misiewicz.   The parties shall exchange initial disclosures <u>no later than</u>

<u>October 28, 2016</u>.

      SO ORDERED.

                          <u>/s/Gershwin A. Drain</u>
                          GERSHWIN A. DRAIN
                          UNITED STATES DISTRICT JUDGE

Dated: September 27, 2016

CERTIFICATE OF SERVICE

      Copies of this Order were served on the attorneys of record on September 27, 2016, by electronic and/or ordinary mail.

                          <u>/s/ Tanya Bankston</u>
                          Deputy Clerk