UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA M. BIETLER and
STEPHANIE STARKS,

        Plaintiff,

v.

        Case No.: 16-11800
        Honorable Gershwin A. Drain

STATE OF MICHIGAN, *et al.*,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT [#26], CANCELING HEARING AND DISMISSING ACTION**

**I.    INTRODUCTION**

On June 7, 2017, Defendant and Counterclaim Plaintiff, the United States of America, brought the present motion for Summary Judgment [26]. The United States asserts that its federal tax liens against Dorothy Palmer have priority over the requested attorney fees and interest on the unpaid balance of the land contract between Counterclaim Defendant Paul Misiewicz and Palmer. Upon review of the parties' briefing, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the United States' present motion on the submitted briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. PROCEDURAL POSTURE

Plaintiffs Cynthia M. Bietler and Stephanie Starks filed the instant action in the Oakland County Circuit Court seeking to quiet title on a parcel of property. The original Defendants included both the State of Michigan and the United States of America; however, the State of Michigan conceded to Plaintiffs' request and is no longer involved in the matter. Dkt. No. 7, p. 3 (Pg ID 66). The United States removed the action to this Court and filed a Counterclaim against Bietler and Starks and joined Paul Misiewicz, who was formerly married to Bietler and currently engaged to Starks, which introduced questions of priority. Dkt. No. 2, p. 7 (Pg. ID 35).

The United States then filed its first Motion for Summary Judgment asserting that the federal tax liens take priority over the Counterclaim Defendants' interests in the property in question. [17]. Though, upon further litigation, the United States acknowledged Misiewicz's priority and withdrew the motion. Dkt. No. 25, p. 1 (Pg ID 188). The United States' second Motion for Summary Judgment solely concerns whether attorney fees and interest also have priority over the United States' federal tax liens. [26].

## III.   FACTUAL BACKGROUND

On July 26, 2010, Plaintiff and Counterclaim Defendant Bietler and

Counterclaim Defendant Misiewicz sold, by land contract, the real property at 30649 Whittier Ave., Madison Heights, MI 48071 to Dorothy Palmer. Dkt. No. 1, p. 16 (Pg. ID 16). The agreed upon price came to $119,900.00. *Id*. Palmer made all payments under the land contract except for the final lump sum of $82,746.56. Dkt. No. 26-3, p. 1 (Pg. ID 209). Additionally, on three different dates in 2011 and one final date in 2015, the United States recorded Notices of Federal Tax Liens against Dorothy Palmer. Dkt. No. 1, pp. 18, 20, 22, 26 (Pg. ID 18, 20, 22, 26). The liens were never satisfied. *Id*.

Misiewicz gave Palmer a notice of forfeiture of the land contract and subsequently filed suit in Michigan State Court in August 2015. Dkt. No. 26-4, p. 5 (Pg. ID 221). After receiving notice of the filing, Palmer informed Misiewicz that she would vacate the property and quit claim her interest to whomever he requested. Dkt. No. 26-6, p. 1 (Pg. ID 231). On September 8, 2015, Palmer executed and recorded a quitclaim deed to the property in favor of Bietler and Starks. Dkt. No. 1, p. 28 (Pg. ID 28). The forfeiture action was thereafter dismissed because Misiewicz failed to show up for the hearing on September 9, 2015. Dkt. No. 26-4, p. 5 (Pg. ID 221).

On April 15, 2016, Bietler and Starks filed the current action to quiet title against the State of Michigan and the United States of America, asserting priority

over the liens filed by each Defendant against Palmer. Dkt No. 1, p. 1 (Pg. ID 1). The Defendants removed the action on May 20, 2016. *Id*. On June 22, 2016, this Court entered a stipulated order quieting title against Defendant State of Michigan because it chose to concede to Plaintiffs' requests. [7]. Further, on May 24, 2017, the parties agreed to sell the property in question and hold the disputed proceeds from the sale in escrow pending the Court's adjudication of priority. [24].

The United States joined Misiewicz so that it could assert its priority against each individual who claimed to have interest in the property. Dkt. No. 2, p. 7 (Pg. ID 35). Misiewicz's counsel asserted from the beginning that the United States had priority over Bietler and Starks, but not over Misiewicz, the original land contract vendor. Dkt. No. 15, p. 4 (Pg. ID 111). Accordingly, the United States focused its claim against Misiewicz, the original land contract vendor.

At the time of the sale, the United States admitted Misiewicz was due the principle under the land contract, which he was paid at closing. *Id*. The title company from the closing is holding $69,818.99 in escrow from the sale. The interest sought by Misiewicz comes to a total of $12,174.82. *Id*. Misiewicz also seeks to recover attorney fees in the amount of $26,587.50, bringing his requested relief to a total of $38,762.32. *Id*. Finally, if the proceeds are disbursed so that Misiewicz receives the interest and attorney fees, the United States will receive

$31,056.67 towards Palmer's tax indebtedness. *Id.*

As previously mentioned, the United States conceded after its first motion for summary judgment that Misiewicz has priority over the federal liens. Therefore, the only issue presently before the court involves the United States' assertion that the proceeds of the sale should not extend to the payment of interest and attorney fees. [26].

### IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

## V. DISCUSSION

The only dispute that remains in this case is whether priority of the land contract payment should extend to the interest accrued and attorney fees incurred by the original land contract vendor, Paul Misiewicz. The United States' present motion raises a novel issue of law in this district. Neither the parties, nor the court has been successful in locating controlling, on point authority.

Both parties agree that 26 U.S.C. § 6323(e) governs the issue, allowing for priority over federal tax liens to extend to "the reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured." The statute is only applicable "to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates." *Id*.

Counterclaim-Defendants rely on two unpublished cases that allude to the main issue in the case at hand. In *United States v. Chung*, No. 07-00570, 2010 WL 4176066 (D. Haw. Oct. 19, 2010), the court discussed the origin of the governing statute and Congress's intent to permit a holder of a security interest or lien to recover attorney fees incurred in establishing the priority of said interest or lien. *Id*. at *11-12. In addition, in *Harris NA v. United States*, No. C2352, 2011 WL

833620 (N.D. Ill. Mar. 4, 2011), the court concluded that because the government's conduct generated the need for attorneys, their fees are reasonable expenses under the statute and should also take priority over federal tax liens. *Id*. at *13-15.

### A. Whether Attorney Fees were Actually Incurred

The United States asserts that forfeiture of the land contract between Misiewicz and Palmer was enforced without accruing any attorney fees. In this regard, the United States is correct that Misiewicz accepted Palmer's forfeiture offer and directed a quitclaim deed to the people of his choosing without assistance from counsel. In addition to the peaceful resolution, Misiewicz never asserts that he used counsel for this decision. However, the United States' argument is misleading.

Misiewicz seeks to recover attorney fees not for the forfeiture of the land contract with Palmer, but for the attorney work performed in connection with enforcing his priority against the United States thereafter. This is clearly distinct from the forfeiture negotiations between Misiewicz and Palmer. In this case, the United States asserted priority over Misiewicz's interest until finally recanting its position. The past year of litigation requiring Misiewicz to defend against the United States' position generated the $26,587.50 in attorney fees that he seeks to

recover.

Pursuant to 26 U.S.C. § 6323(e), Misiewicz may extend the priority of his secured interest to the reasonable attorney fees actually incurred in collecting or enforcing the obligation. Misiewicz spent resources defending his priority against the United States in an effort to collect what the United States now admits he is owed. While Misiewicz was not working to collect from the original vendee, the language of the statute does not require this sort of specificity and rather only refers broadly to "collecting or enforcing the obligation." *Id*.

Finally, the United States claims that any "attorney's fees incurred in this lawsuit were incurred in trying to prevent the United States from exercising its lawful right to enforce its own liens." Dkt. No. 26. However, this argument lacks merit. The attorney fees incurred are a direct result of the United States arguing a position it now concedes was incorrect. Therefore, Misiewicz never attempted to prevent the United States from exercising any lawful rights; rather, he defended his priority successfully. Accordingly, attorney fees are recoverable and summary judgment in this regard is denied.

**B. Whether Attorney Fees are Recoverable under Michigan Law**

The United States also asserts that even if attorney fees were incurred in

collecting or enforcing the land contract, attorney fees are not collectable under Michigan Law. The United States relies upon the principle that forfeiture is a complete remedy and therefore no additional damages are to be awarded. *Mazur v. Young*, 507 F.3d 1013, 1020 (6th Cir. 2007).

The United States reasons that the vendor is precluded from seeking a deficiency because, unlike in a foreclosure, the "forfeiture discharges the buyer from liability for the debt." *Mazur*, 507 F.3d at 1018. Further, "at that point, the [vendor] can keep the property, sell the property, or do with it whatever the [vendor] pleases. What the victorious [vendor] cannot do, however, is continue to pursue the buyer for any deficiency." *Id.* at 1017.

In this case, Misiewicz obtained the remedy of forfeiture and can no longer go after Palmer for any deficiencies. This fact is undisputed. However, the United States' reliance on this particular rule is again misplaced because Misiewicz is not requesting anything further from the original vendee. Instead, Misiewicz is attempting to recover from the government, for the government's actions, after the property was forfeited. Therefore, the United States' argument is not on point and does not carry any weight. In this regard, summary judgment in favor of the moving party is denied.

### C. Whether Interest is Recoverable under Michigan Law

The final dispute regards whether Misiewicz can recover lost interest generated throughout this dispute. The United States follows the same rule which provides that upon the election of forfeiture, the victorious vendor cannot continue to pursue the buyer for any deficiencies. *Id.* at 1017.

Misiewicz is not able to recover owed interest on the land contract. While the attorney's fees at issue herein were not incurred as a result of the original land contract between Misiewicz and Dorothy Palmer, the interest he seeks is directly related to the failed contract between Misiewicz and Palmer. Therefore, when Misiewicz accepted Palmer's settlement of forfeiture, he thereby waived his rights to recover any more from the failed contract. In this regard, the Court will grant the United States' Motion for Summary Judgment.

### V. CONCLUSION

For the reasons discussed above, the United States' Motion for Summary Judgment [#26] is GRANTED IN PART and DENIED IN PART. Accordingly, the request to render attorney fees unrecoverable is denied but the request to render interest unrecoverable is granted. Misiewicz is therefore entitled to $26,587.50 in attorney's fees but zero in interest. The United States is entitled to $43,231.49 towards Palmer's indebtedness. This cause of action is dismissed.

SO ORDERED.

Dated:  August 30, 2017                               /s/Gershwin A. Drain
                                                                     GERSHWIN A. DRAIN
                                                                     United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 30, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk